**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 23 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SEAN PATRICK WARD,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>TERRY GODDARD; CHARLES RYAN;<br>CHARLES RYAN,<br><br>　　　　Respondents - Appellees. | No. 10-17481<br><br>D.C. No. 3:07-cv-00606-MHM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Mary H. MURGUIA, District Judge, Presiding

Argued and Submitted March 27, 2012
Tempe, Arizona

Before: McKEOWN, CLIFTON, and BYBEE, Circuit Judges.

Petitioner Sean Patrick Ward appeals the district court's denial of his 28

U.S.C. § 2254 petition for habeas corpus. He raises one certified issue and several

uncertified issues.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ward argues first that the prosecutor made three remarks during closing argument that constituted prosecutorial misconduct and resulted in a denial of due process. We may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1). The state court's decision was neither. The misconduct must have "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)) (internal quotation marks omitted). The first remark was merely a criticism of the defense strategy and an admonition to consider all of the evidence, which is not improper. *See United States v. Sayetsitty*, 107 F.3d 1405, 1409 (9th Cir. 1997) ("Criticism of defense theories and tactics is a proper subject of closing argument."). The third remark may have constituted improper vouching of the prosecutor for the strength of the government's case, *see United States v. Sanchez*, 176 F.3d 1214, 1224 (9th Cir. 1999), but any harmful effect was lessened by: the phrasing of the remark as a submission for the jury's consideration, *see United States v. Weatherspoon*, 410 F.3d 1142, 1147 n.3 (9th Cir. 2005); the discussion of the trial evidence in connection with the remark, *see United States v. Young*, 470 U.S. 1, 19 (1985); and the defense attorney's own comments, *see United States v. Robinson*, 485 U.S. 25,

32–33 (1988). The second remark may have been improper vouching and an improper denigration of the defense. *See Sanchez*, 176 F.3d at 1224. But this stray remark did not necessarily infect the trial with unfairness. *See Duckett v. Godinez*, 67 F.3d 734, 743 (9th Cir. 1995). At the very least, there is much room for disagreement among fairminded jurists over whether it did, which prevents us from granting habeas corpus relief. *See Renico v. Lett*, 130 S. Ct. 1855, 1864 (2010).

We find Ward's arguments with regard to the uncertified issues to be without merit, and we decline to certify them.

AFFIRMED.